Leslie Bryan Hart
Nevada State Bar No. 4932
Michael D. Knox
Nevada State Bar No. 8143
LIONEL SAWYER & COLLINS
50 West Liberty Street, Suite 1100
Reno, Nevada 89501
Phone:  (775) 788-8666
Fax:    (775) 788-8682

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BROADCAST MUSIC, INC. et al, | ) |
| Plaintiffs, | ) Case No. 3:06-CV-00374-ECR-RAM |
| v. | ) |
| PURE COUNTRY DANCEHALL & SALOON, INC. d/b/a PURE COUNTRY DANCEHALL & SALOON and CATHI WOODS, individually, | ) |
| Defendants. | ) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

PMSUM 5/02

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA
PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT..........................................1

II.  BACKGROUND......................................................1

III. STATEMENT OF UNDISPUTED FACTS..................................2

IV.  PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT....................3

     A.   There Are No Genuine Issues of Material Fact..........4

     B.   The Defendants Are Vicariously Liable for Acts of
          Infringement Committed at Pure Country Dancehall
          & Saloon..............................................7

V.   PLAINTIFFS ARE ENTITLED TO THE RELIEF THEY REQUEST.........9

     A.   Injunctive Relief.....................................9

     B.   Statutory Damages....................................10

     C.   Attorney's Fee and Costs.............................13

VI.  CONCLUSION....................................................14

PMSUM 5/02

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA
PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

TABLE OF AUTHORITIES

CASES

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)............4

Boz Scaggs Music v. KND Corp., 491 F. Supp 908 (D. Conn. 1980)........................................5, 8

Broadcast Music, Inc. v. Columbia Broadcast Sys., Inc. 441 U.S. 1 (1979).......................................2

Broadcast Music, Inc. v. Fox Amusement Co., 551 F. Supp. 104 (N.D. Ill. 1982).....................................13

Broadcast Music, Inc. v. Moor-Law, Inc., 484 F. Supp. 357 (D. Del. 1980).......................................2

Broadcast Music, Inc. v. Niro's Palace, Inc., 619 F. Supp. 958 (N.D. Ill. 1985)....................................9

Broadcast Music, Inc. v. Pine Belt Inv. Developers, Inc., 657 F. Supp. 1016 (S.D. Miss. 1987)..................5, 6

Broadcast Music, Inc. v. The Peppermint Club, Inc., 229 U.S.P.Q. 534 (N.D. Ohio 1986).................................. 8

Broadcast Music, Inc. v. Triple L Vending, Inc.; 5 U.S.P.Q.2d 1346 (W.D. Tex. 1987)...............................11, 13

F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228 (1952)................................................10

Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159 (2d Cir. 1971).................................7

Halnat Pub. Co. v. L.A.P.A., Inc., 669 F. Supp. 933 (D. Minn. 1987).................................................11

Herbert v. The Shanley Co., 242 U.S. 591 (1917)................11

Int'l Korwin Corp. v. Kowalczyk, 855 F. 2d 375 (7th Circ. 1988)12

M. Witmark & Sons v. Calloway, 22 F.2d 412 (D.Tenn. 1927).......8

Milene Music v. Gotauco, 551 F. Supp. 1288 (D.R.I. 1982)................................................5, 8, 9, 13

Music City Music v. Alfa Foods Ltd., 616 F. Supp. 1001 (E.D. Va 1985)..........................................11

ii

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA
PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

Nick-O-Val Music Co. v. P.O.S. Radio, Inc., 656 F. Supp
    826 (M.D. Fla 1987).........................................8, 12

Prater Music v. Williams, 5 U.S.P.Q.2d 1813 (W.D. Mo. 1987)
    ............................................................11, 12

Rodgers v. Eighty Four Lumber Co., 623 F. Supp. 889
    (W.D. Pa. 1985)..............................................11, 12

Sailor Music v. Mai Kai of Concord, Inc., 640 F. Supp. 629
    (D.N.H. 1986)................................................6, 10

Shapiro, Bernstein & Co., Inc. v. H.L. Green Co., Inc.,
    316 F. 2d 304 (2d Cir. 1963).................................7

Warner Bros., Inc. v. Lobster Pot, Inc., 582 F. Supp. 478 (N.D.
    Ohio 1984....................................................8

Wihtol v. Crow, 309 F.2d 777 (8th Cir. 1962) .....................8

Wow & Flutter Music v. Len's Tom Jones Tavern, Inc., 606 F.
    Supp. 554 (W.D.N.Y 1985).....................................12

**STATUTES**

17 U.S.C. Sec. 101 et seq. .......................................1

17 U.S.C. Sec. 106(4)............................................1, 4

17 U.S.C. Sec. 501(a)............................................4, 7

17 U.S.C. Sec. 502...............................................4

17 U.S.C. Sec. 502(a)............................................9

17 U.S.C. Sec. 504(c)............................................4

17 U.S.C. Sec. 504(c)(1).........................................10

17 U.S.C. Sec. 504(c)(2).........................................10

17 U.S.C. Sec 505................................................5, 13

28 U.S.C. Sec. 1338(a)...........................................1

28 U.S.C. Sec. 1400(a)...........................................1

28 U.S.C. Sec. 1746..............................................5, 6

Fed.R.Civ.P. 56(c)..................................................4

Fed.R.Civ.P. 56(e)..................................................4

**PUBLICATIONS**

F. Harper, F. James & O. Gray, The Law of Torts, § 26.3 (2d ed. 1986).................................................................8

Nimmer on Copyright, § 12.04[A].....................................8

PMSUM 5/02

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA
PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

## I. PRELIMINARY STATEMENT

This is an action for copyright infringement brought pursuant to 17 U.S.C. Sec. 101 et seq. (the "Copyright Act"). Jurisdiction is vested in this Court under 28 U.S.C. Sec. 1338(a) and venue is proper under 28 U.S.C. Sec. 1400(a).

## II. BACKGROUND

Plaintiff Broadcast Music, Inc. ("BMI"), is a "performing rights society" which licenses the right to publicly perform copyrighted musical works on behalf of the copyright owners of these works. 17 U.S.C. § 101. The other Plaintiffs are the copyright owners of various compositions which are the subject of this lawsuit. See Affidavit of BMI Assistant Vice President, Legal John Coletta ("Coletta Affidavit") at paragraph 4, attached hereto as Exhibit A. Under the Copyright Act, the owners of copyrights in musical compositions possess the exclusive right to authorize public performances of their works. 17 U.S.C. Sec. 106(4).

Through agreements with copyright owners such as music publishing companies and independent composers, BMI acquires non-exclusive public performance rights. Coletta Affidavit at paragraph 2. BMI has acquired such rights from each of the other Plaintiffs in this action. BMI, in turn, grants to music users such as broadcasters and the owners and operators of concert halls, restaurants, nightclubs and hotels, the right to publicly perform any of the works in BMI's repertoire by means of "blanket license agreements." Coletta Affidavit at paragraph 2. These

PMSUM 5/02

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA
PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

agreements have been recognized as the most practical means to exploit copyright owners' public performance rights. See Broadcast Music, Inc. v. Columbia Broadcasting Sys., Inc., 441 U.S. 1 (1979); Broadcast Music, Inc. v. Moor-Law, Inc., 484 F. Supp. 357 (D. Del. 1980), 527 F. Supp. 758 (D. Del. 1981), aff'd without op., 691 F. 2d 490 (3d Cir. 1982).

BMI operates as a non profit-making music performing rights organization. It distributes all of the money it collects in license fees from music users as royalties to its affiliated publishers and composers, after the deduction of operating expenses and reasonable reserves. Coletta Affidavit at paragraph 3.

### III. STATEMENT OF UNDISPUTED FACTS

1. The Defendants Pure Country Dancehall & Saloon, Inc. and Cathi Woods own and operate Pure Country Dancehall & Saloon located at 1955 Oddie Boulevard, Sparks, NV 89431, which regularly features performances of live and recorded music. See Deposition Transcript of Defendant Cathi Woods, dated March 20, 2007 (the "Woods Deposition"), at page 31 lines 1-6, attached hereto as Exhibit B.

2. Between June 6, 2003, and May 26, 2006, BMI repeatedly informed the Defendants of the need to obtain permission for public performances of copyrighted music. BMI offered to enter into a license agreement with the Defendants, but the Defendants failed to enter into a license agreement. Affidavit of Lawrence

E. Stevens ("Stevens Affidavit") at Paragraphs 2-3, attached hereto as Exhibit C. Woods Deposition at pp 43-84, 87-89.

3. On May 19, 2004, BMI instructed the Defendants to cease public performances of music licensed by BMI. Stevens Affidavit at Paragraphs 2-3. Nevertheless, public performances of BMI-licensed music continued at Pure Country Dancehall & Saloon after that date and performances of songs owned by the Plaintiffs were noted by a BMI investigator on March 29, 2006, and April 1, 2006. Stevens Affidavit at Paragraphs 5-6. Woods Deposition at pp 64-66.

4. The Plaintiffs commenced this action for copyright infringement on July 7, 2006. The Defendants' Answer was served on or about August 25, 2006. The Plaintiffs' First Request for Admissions was served on November 7, 2006. The Defendants responded on December 17, 2006, to Plaintiffs' Request for Admissions. A copy of those requests along with Defendants' Answers is attached as Exhibit B to the Affidavit of Michael Knox.

5. On March 20, 2007, defendant Cathi Woods was deposed.

Plaintiffs bring this Motion for Summary Judgment under Fed.R.Civ.P. 56. As demonstrated below, there are no issues of fact remaining in this action. Accordingly, Plaintiffs are entitled to judgment as a matter of law.

### IV. PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT

The standard for summary judgment is set for in Rule 56(c) of the Federal Rules of Civil Procedure which states that summary

3

PMSUM 5/02

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA
PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no *genuine* issue as to any *material* fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c) (emphasis added). This standard "provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-248 (1986) (emphasis added). Moreover, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials ... but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

### A. There Are No Genuine Issues Of Material Fact

The Copyright Act provides the owner of a copyright with the exclusive right to perform, or to authorize others to perform, the copyrighted work. 17 U.S.C. Sec. 106(4). Any person who violates this exclusive right is an infringer. 17 U.S.C. Sec. 501(a). In an action for infringement, the copyright owner may seek statutory damages, 17 U.S.C. Sec. 504(c), injunctive relief, 17 U.S.C. Sec.

4

PMSUM 5/02

502, and attorney's fees and costs, 17 U.S.C. Sec. 505.

In order to prevail in an action for copyright infringement, the Plaintiffs must establish the following five elements:

1. Originality and authorship of the copyrighted works involved;
2. Compliance with the formalities of the Copyright Act;
3. Proprietary rights in the copyrighted works involved;
4. Public performance of the compositions involved; and
5. Lack of authorization for public performance.

Broadcast Music, Inc. v. Pine Belt Inv. Developers, Inc., 657 F. Supp. 1016, 1020 (S.D. Miss. 1987); Sailor Music v. Mai Kai of Concord, Inc., 640 F. Supp. 629, 632 (D.N.H. 1986); Milene Music v. Gotauco, 551 F. Supp. 1288, 1292 (D.R.I. 1982); Boz Scaggs Music v. KND Corp., 491 F. Supp. 908, 912 (D. Conn. 1980).

The first three elements are established in the Coletta Affidavit which constitutes sufficient evidence of the facts sworn to therein. 28 U.S.C. § 1746. His Affidavit, referring to the Schedule of the Complaint, sets forth the names of the authors and publishers of each composition, the date of copyright registration and the registration number. The Affidavit is supplemented with copies of each registration certificate. Cathi Woods has admitted that she has no evidence to rebut the Plaintiffs' proof on these three points. Woods Deposition at page 115 lines 17-19.

The fourth element, public performance, is established through the Certified Infringement Reports of Christopher K.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA
PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

Pisano who was hired by BMI for the purpose of visiting the establishment and making written reports of musical compositions which were performed. Mr. Pisano's certified reports are attached to the Stevens Affidavit, as discussed below. Performance of the music may also be established by Affidavit. 28 U.S.C. § 1746; see also Pine Belt Inv. Developers, Inc., 667 F. Supp. at 1020; Sailor Music 640 F. Supp. at 629. In her deposition, defendant, Cathi Woods admitted, contrary to denials in Defendants' Answers to BMI's Request For Admissions, that she has no evidence that the BMI-licensed compositions listed on the Schedule were not performed on the dates and times referenced. Woods Deposition at page 104 lines 7-25; page 105 lines 1-20; page 106 lines 1-25; page 107 lines 1-25; page 108 lines 1-25; page 109 lines 1-25; page 110 lines 1-25; page 111 lines 1-25; page 112 lines 1-25; page 113 lines 1-6; page 116 lines 9-13; page 127 lines 8-14.

The fifth element is similarly established in the Stevens Affidavit. It states that the Defendants did not enter into a BMI license agreement nor were the performances otherwise authorized. Moreover, Defendants continued to publicly perform copyrighted music without permission after being instructed to cease, as indicated by the Certified Infringement Reports. Cathi Woods admitted that they were not licensed by BMI on March 29, 2006, and on April 1, 2006. See Woods Deposition at page 119 lines 18-24. The Defendants admit that they have no evidence controverting that they received correspondence from BMI, including the overnight

6

PMSUM 5/02

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA
PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

letter which instructed them to cease unauthorized performances of BMI-licensed music in their Answers to Plaintiffs' Request For Admissions, numbers 34, 35, 36, 37, 38, 39, 40, 41, 42, 45, 47, 48, 49, 50, 51, 52 and 53.

### B. The Defendants Are Vicariously Liable for Acts of Infringement Committed at Pure Country Dancehall & Saloon

17 U.S.C. Sec. 501(a) provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by Sections 106 through 121 . . . is an infringer of the copyright . . ." Interpreting the equivalent section under the Copyright Act of 1909, the Second Circuit Court of Appeals stated: "Although the Act does not specifically delineate what kind or degree of participation in an infringement is actionable, it has long been held that one may be liable for copyright infringement even though he has not himself performed the protected composition." Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc., 443 F. 2d 1159, 1161-62 (2d Cir. 1971).

In an earlier Second Circuit case, the Court stated:

> [T]he cases are legion which hold the dance hall proprietor liable for the infringement of copyright resulting from the performance of a musical composition by a band or orchestra whose activities provide the proprietor with a source of customers and enhanced income. He is liable whether the band leader is considered, as a technical matter, an employee, or an independent contractor and whether or not the proprietor has knowledge of the compositions to be played or any control over their selection.

Shapiro, Bernstein & Co., Inc. v. H.L. Green Co., Inc., 316 F. 2d

PMSUM 5/02

LIONEL SAWYER & COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO, NEVADA 89501
(775) 788-8666

304, 307 (2d Cir. 1963); Broadcast Music, Inc. v. The Peppermint Club, Inc., 229 U.S.P.Q. 534, 537-38 (N.D. Ohio 1986).

The corporate defendant, Pure Country Dancehall & Saloon, Inc. is responsible for the tortious actions of its employees under the doctrine of respondeat superior. Wihtol v. Crow, 309 F.2d 777, 782-783 (8th Cir. 1962); M. Witmark & Sons v. Calloway, 22 F.2d 412, 414 (D.Tenn. 1927). See generally F. Harper, F. James & O. Gray, The Law of Torts, §26.3 (2d ed. 1986). See also Nimmer on Copyright, §12.04[A].

Not only is Pure Country Dancehall & Saloon, Inc. liable for infringements occurring at Pure Country Dancehall & Saloon, but Cathi Woods is individually liable. "A corporate officer is jointly and severally liable, with his corporation for copyright infringement if he (1) 'had the right and ability to supervise the infringing activity', and (2) 'has a direct financial interest in such activities'." The Peppermint Club, Inc., 229 U.S.P.Q. at 538, (quoting Warner Bros., Inc. v. Lobster Pot, Inc., 582 F. Supp. 478, 483 (N.D. Ohio 1984)). See also Nick-O-Val Music Co. v. P.O.S. Radio, Inc., 656 F. Supp. 826, 828 (M.D. Fla. 1987); Milene Music, Inc. 551 F. Supp. at 1295; Boz Scaggs Music 491 F. Supp. at 913-14.

The Defendants have admitted that they operated and maintained Pure Country Dancehall & Saloon and that they have a direct financial interest in the establishment and in their Answer to the Plaintiffs' Request for Admissions, numbers 1, 2, 3, 4, 5,

LIONEL SAWYER & COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

6, 7, 8, 13 and 14. Additionally, Cathi Woods has admitted that she has the right and ability to control the activities of Pure Country Dancehall & Saloon. Answer to Plaintiffs' Request for Admissions, numbers 11 and 12. Woods Deposition page 100 lines 10-14; page 101 line 25; page 102 lines 1-12. See Pine Belt Inv. Developers, Inc., 667 F. Supp. at 1018.

### V. PLAINTIFFS ARE ENTITLED TO THE RELIEF THEY REQUEST

Plaintiffs request permanent injunctive relief, statutory damages for each of the claims of infringement, costs and reasonable attorney's fees. Each aspect of the requested relief is briefly discussed below.

#### A. Injunctive Relief

17 U.S.C. Sec. 502(a) provides that the Court may grant final injunctions "to prevent or restrain infringement of a copyright." As one court has stated:

> A permanent injunction is especially appropriate where a threat of continuing infringement exists . . . The threat of continuing infringement is substantial in the present case. Niro's provided unauthorized performances of copyrighted musical compositions on its premises after receiving oral and written notices of infringement and demands to stop such infringement from BMI. This behavior indicates a willful disregard of copyrights held by BMI and should be permanently enjoined.

Broadcast Music, Inc. v. Niro's Palace, Inc., 619 F. Supp. 958, 963 (N.D. Ill. 1985).

Even where Defendants have secured licenses after the time of the infringements, injunctive relief is warranted. In Milene

9

PMSUM 5/02

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA
PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

Music, the Defendants were licensed by the time the court considered the Plaintiffs' Motion for Summary Judgment. The Court granted injunctive relief stating that "[t]he history of defendants' actions . . . exhibits an unfortunate tendency conveniently to ignore, from time to time, . . . the plaintiffs' proprietary rights." 551 F. Supp. at 1295-1296. See also Sailor Music 640 F. Supp. at 634-35.

In this instance where the Defendants are as yet unlicensed and continue to offer unauthorized performances of the Plaintiffs' music, broad injunctive relief is appropriate and necessary.

**B.   Statutory Damages**

The Copyright Act empowers a plaintiff to elect to receive an award of statutory damages "in a sum of not less than $750 or more than $30,000" per infringement in lieu of an award representing the Plaintiffs' actual damages and the Defendants' profits. 17 U.S.C. Sec. 504(c)(1). Furthermore, "[i]n a case where the copyright owner sustains the burden of proving . . . that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. Sec. 504(c)(2). Within these statutory limits, the assessment of damages is at the discretion of the court. See F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 231-32 (1952). Statutory damages are "designed to discourage wrongful conduct . . . and vindicate the statutory policy." Id. at 233. "The court's award should be designed to

10

PMSUM 5/02

compensate plaintiffs as well as to punish defendant[s]." <u>Prater Music v. Williams</u>, 5 U.S.P.Q.2d 1813, 1816 (W.D. Mo. 1987).

According to the Stevens Affidavit, when BMI first contacted the Defendants in 2003, they were asked to execute a license agreement. To date, BMI has not received a license agreement or any license fees from the Defendants. The amount awarded in statutory damages should significantly exceed the amount of unpaid license fees. As the court in <u>Prater Music</u> held: "If the copyright laws are to have any effect, a judgment against [a] defendant must be appreciably more than the amount he would have had to expend to obtain permission." 5 U.S.P.Q. at 1816. Music users such as the Defendants should be "put on notice that it costs less to obey the copyright laws than to violate them." <u>Rodgers v. Eighty Four Lumber Co.</u>, 623 F. Supp. 889, 892 (W.D. Pa. 1985), quoting <u>Music City Music v. Alfa Foods Ltd.</u>, 616 F. Supp. 1001, 1003 (E.D. Va. 1985). <u>See also</u> <u>Broadcast Music, Inc. v. Triple L Vending, Inc.</u>, 5 U.S.P.Q.2d. 1346, 1349 (W.D. Tex. 1987); <u>Halnat Pub. Co. v. L.A.P.A., Inc.</u>, 669 F. Supp. 933 (D. Minn. 1987). Musical performances are obviously important to the operation of Pure Country Dancehall & Saloon. "If music did not pay, it would be given up." <u>Herbert v. The Shanley Co.</u>, 242 U.S. 591, 595 (1917). Woods Deposition at page 81 lines 4-19 (admitting that music is played at Pure Country Dancehall and Saloon to attract customers and increase revenue).

11

PMSUM 5/02

The court, in its discretion, may also augment the amount of statutory damages awarded to reflect the degree of culpability exhibited by the Defendants. See Wow & Flutter Music v. Len's Tom Jones Tavern, Inc., 606 F. Supp. 554, 555-57 (W.D.N.Y. 1985). "Where a defendant continues to infringe upon copyrights despite repeated warnings, courts have found defendant's conduct to be willful." Prater Music 5 U.S.P.Q.2d at 1815; accord Int'l Korwin Corp. v. Kowalczyk, 855 F. 2d. 375 (7th Cir. 1988); Nick-O-Val Music Co., Inc., 656 F. Supp. at 829; Rodgers, 623 F. Supp. at 892.

The record supports a finding that the Defendants deliberately violated the Plaintiffs' rights. According to the Stevens Affidavit, between June 6, 2003, and May 26, 2006, BMI sent twenty (20) letters to the Defendants advising them of the need to enter into a license agreement. A BMI representative also telephoned Pure Country Dancehall & Saloon on twenty-nine (29) occasions. A BMI representative was able to speak to Cathi Woods and her attorney Michael Morrison. Woods Deposition at page 48 lines 20-21; page 55 lines 18-23. On May 19, 2004, BMI sent Cathi Woods an overnight letter informing her that she must immediately cease unauthorized performances of BMI-licensed music. This letter was returned to the BMI office as refused. Stevens Affidavit at paragraph 2. The letter was resent to Cathi Woods on June 7, 2004, via First Class Mail. Despite this, a BMI investigator noted the performance of twenty (20) BMI-licensed

12

compositions after that date.

This is clearly a situation where the Plaintiffs should be awarded damages well in excess of the statutory minimum.

### C. Attorney's Fees and Costs

The Copyright Act expressly provides that the "court may also award a reasonable attorney's fee to the prevailing party." 17 U.S.C. Sec. 505. Because it is consistent with the purpose of the Copyright Act, courts routinely award the reasonable fees incurred by a Plaintiff asserting its rights. See Triple L Vending, Inc., 5 U.S.P.Q. 2d. at 1349-52; Broadcast Music, Inc. v. Fox Amusement Co., 551 F. Supp. 104 (N.D. Ill. 1982); Milene Music, Inc. 551 F. Supp. at 1297.

In the present case, the Defendants have intentionally ignored their obligation under the Copyright Act and have forced Plaintiffs to engage in litigation to enforce their rights. Accordingly, Plaintiffs should be awarded full attorney's fees.

The Copyright Act expressly provides that the court "in its discretion may allow the recovery of full costs by or against any party . . ." 17 U.S.C. Sec. 505. Under this provision, the courts have allowed full recovery by the prevailing party of its reasonable costs. See Milene Music, Inc. 551 F. Supp. at 1297. There are no factors which would militate against an award of the Plaintiffs' costs in the present case. Such an award is particularly appropriate in light of the Defendants' deliberate misconduct and the statutory purpose of encouraging private

13

PMSUM 5/02

enforcement of the Copyright Act. The Affidavit of Michael D. Knox setting forth the attorney's fees and costs billed to Plaintiffs in this case accompanies this Motion as Exhibit D.

### VI. CONCLUSION

For all of the foregoing reasons, Plaintiffs request that the Court:

(1) Enter a Summary Judgment in its favor against each Defendant, jointly and severally;

(2) Enter an order permanently enjoining Defendants from further acts of infringement;

(3) Award Plaintiffs statutory damages for each of the twenty (20) acts of copyright infringement alleged in the Complaint in an amount not less than ($2,000) for each act of infringement;

(4) Award Plaintiffs their full costs;

(5) Award Plaintiffs their reasonable attorney's fees; and

(6) Grant such other and further relief as the Court deems appropriate.

DATED this 27th day of April, 2007

LIONEL SAWYER & COLLINS

By: /s/ Michael D. Knox
Leslie Bryan Hart, Esq.
Michael D. Knox, Esq.
50 West Liberty Street, Ste. 1100
Reno, Nevada 89501

Attorney for Plaintiffs

14

PMSUM 5/02

LIONEL SAWYER & COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO, NEVADA 89501
(775) 788-8666